IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLOYD MCGRONE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHERMAN HOSPITAL, BETTY ) <br> MORTENSEN, JEAN LOWE, ) <br> GINA FOSTER, AHLAI WOJCIK, ) <br> BARBARA GIARDINO, ) <br> ) <br> Defendants. ) | No. 06 C 2252 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants for their alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendants have filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss some of the claims asserted against them.[1] For the reasons set forth below, the motion is granted in part and denied in part.

### Facts

Plaintiff is an African American who was employed by the defendant hospital as an emergency medical technician from April 2000 to July 2004. (Compl. ¶ 2; *id.*, Charge Discrimination at 2.)

---

[1] Defendants also ask the Court to dismiss plaintiff's claim for intentional infliction of emotional distress ("IIED") for lack of subject matter jurisdiction or failure to state a claim. In his response to defendants' motion, however, plaintiff states that he is not asserting an IIED claim. (*See* Pl.'s Resp. at 3.) Thus, defendants' motion with respect to any IIED claim is moot.

On July 8, 2004, plaintiff filed a charge of discrimination with the Illinois Department of Human Rights and EEOC. (Compl., Charge Discrimination at 1.) In the charge, he alleged that: (1) defendant Mortensen sexually harassed him on April 9, 2004 by inappropriately touching his hand; (2) defendants Mortensen and Lowe repeatedly made sexual advances to him from 2002-2004, which he rejected; (3) defendants Mortensen and Lowe harassed him from January 10, 2004 through July 7, 2004 by closely monitoring his work and behavior because of his race and in retaliation for his refusal to submit to their sexual advances; (4) defendant Mortensen gave plaintiff an unfounded disciplinary warning on June 11, 2004 because of his race and his refusal to submit to her sexual advances and those of Lowe; (5) defendants gave plaintiff more onerous job duties and less desirable schedules than other employees from June 30, 2004 to July 5, 2004 because of his race, sex and refusal to submit to Mortensen and Lowe's sexual advances; (6) Mortensen discharged him on July 5, 2004 because of his race and refusal to submit to her advances and those of Lowe. (*Id.* at 1-5.)

On April 24, 2006, plaintiff filed this suit. In his complaint he asserts: (1) quid pro quo and hostile environment sexual harassment claims against Lowe, Mortensen and Foster; (2) a racial harassment claim against Wojcik; (3) a racial discrimination claim against Lowe, Mortensen, Wojcik, Giardino; and (4) a retaliation claim against Lowe, Mortensen, Foster and Giardino.

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear

2

that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

To ensure that the EEOC can investigate discriminatory employment practices and accused parties are put on notice of charges asserted against them, a Title VII plaintiff can sue only on claims that were included in his administrative charge of discrimination. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The term "included" is interpreted broadly, however. Thus, a claim is included in a charge if it is "like or reasonably related to the allegations of the charge" or grows out of those allegations. *Id.* (quotations omitted). Claims are alike or reasonably related if they "describe the same conduct and implicate the same individuals." *Id.* at 501 (emphasis omitted).

Defendants contend that the claims plaintiff asserts against Foster, Wojcik and Giardino must be dismissed because they were not included in his charge of discrimination. The Court agrees. Plaintiff's charge does not mention or even allude to Foster, Wojcik, Giardino or the unlawful conduct they allegedly committed. Because those claims are beyond the scope of the charge, they are dismissed.

Defendants also contend that plaintiff's hostile environment sexual harassment claims against Mortensen and Lowe and the allegations in paragraphs 19-20, 22, 24-25 and 37 of the complaint, which describe specific harassing actions Mortensen allegedly took, are beyond the scope of his charge. The Court disagrees. "[A] Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in [his] complaint." *Cheek*, 31 F.3d at 500. Rather, a charge need only contain sufficient allegations to put the agency and defendants on notice of the claims plaintiff presses against them. *Id.* Plaintiff's charge satisfies that standard. In it, he alleges that Lowe and Mortensen repeatedly made sexual

3

advances to him and engaged in other unwelcome conduct of a sexual nature and, when plaintiff rebuffed them, they searched for reasons to punish him. Those allegations are sufficient to alert both defendants and the investigating agency that plaintiff claimed he was subjected to a hostile work environment by Lowe and Mortensen because of his sex. Thus, defendants' motion to dismiss these claims and strike the allegations in paragraphs 19-20, 22, 24-25 and 37 of the complaint is denied.

### Conclusion

For the reasons stated above, defendants' motion to dismiss [doc. no. 22] is granted in part and denied in part. The motion is granted with respect to the claims plaintiff asserts against defendants Foster, Wojcik and Giardino. In all other respects, the motion is denied.

**SO ORDERED.**  ENTERED: 1/30/07

HON. RONALD A. GUZMAN
United States District Judge